## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

Michael D. Dautrich, Esquire
Dautrich and Dautrich Law Offices, P.C.
526 Court Street
Reading, PA 19601
610-375-9455
Attorney ID#77187

| | |
|---|---|
| RACHEL M. DELP, | : CIVIL ACTION - LAW |
|     Plaintiff | : |
|     vs. | : |
| | : |
| SINKING SPRING FAST FOODS, LLC | : |
| D/B/A ARBY'S RESTAURANT and | : |
| DINESH BABU MANNEPULI, | : JURY TRIAL DEMANDED |
|     Defendants | : |

### COMPLAINT

Plaintiff, Rachel M. Delp, is an adult individual, who through her Attorney

Michael D. Dautrich, Esquire of Dautrich & Dautrich Law Offices P.C. does aver the

following:

### INTRODUCTORY STATEMENT

Plaintiff, Rachel M. Delp (hereinafter referred to as "Plaintiff") brings this action

against Defendants Sinking Spring Fast Foods LLC d/b/a Arby's and Dinesh Babu

Mannepuli (collectively referred to as "Defendants"), who employed Plaintiff at its

Sinking Spring, Pennsylvania Store from June of 2012 until November 9, 2012.  Plaintiff

alleges that Defendants through its managers, supervisors, agents, and employees,

engaged in a pattern and practice of unlawful sexual harassment, unlawful gender

discrimination, and unlawful retaliation in violation of Title VII of the Civil Rights Act of

1964 ("Title VII") and applicable state law.

1

## THE PARTIES

1.      The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

2.      Plaintiff is an adult female individual currently residing at 753 Fritztown Road, Sinking Spring, PA 19608.

3.      Plaintiff was, at all relevant times, an employee of Sinking Spring Fast Foods LLC, d/b/a Arby's.

4.      Defendant Dinesh Babu Mannepuli ("Mannepuli") is an adult individual believed to be residing at 117 Funston Avenue, Reading, PA 19607, and was, at all relevant times, an employee of Sinking Spring Fast Foods LLC, d/b/a Arby's.

5.      Defendant Sinking Spring Fast Foods LLC, d/b/a Arby's ("Employer" or "Sinking Spring Fast Foods") is an "Employer", within the meaning of Title VII of the Civil Rights Act of 1964 because it engaged in an industry affecting interstate commerce and because it maintains or maintained fifteen (15) or more employees for each working day in each of the twenty (20) or more weeks in the current proceeding calendar year.

6.      At all times relevant hereto, Defendant, Sinking Spring Fast Foods LLC, d/b/a Arby's acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job responsibilities.

7.      At all relevant times hereto, Defendant Sinking Spring Fast Foods LLC, d/b/a Arby's employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment and making said decisions, these individuals engaged in the pattern and practice of

2

discriminatory and retaliatory treatment which forms the basis of Plaintiff's allegations in the instant Complaint.

8.      At all times relevant hereto, Defendant Sinking Spring Fast Foods LLC, d/b/a Arby's employed managers, supervisors, agents, and employees who acted directly or indirectly in the best interest of the employer.  In so acting these individuals engaged in the pattern and practice of discriminatory and retaliatory treatment, which forms the basis of Plaintiff's allegations in the instant complaint.

## JURISDICTION AND VENUE

9.      The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10.      The Court may properly maintain personal jurisdiction over Defendant Mannepuli because Defendant Mannepuli is domiciled within this state.

11.      The Court may properly maintain personal jurisdiction over Defendant Sinking Spring Fast Foods LLC, d/b/a Arby's because Defendant Sinking Spring Fast Food's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant Sinking Spring Fast Foods LLC, d/b/a Arby's to comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

12.      This Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

13. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

14. Venue is properly in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants are located in and/or regularly conduct business in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. Plaintiff exhausted her administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

17. On or about November 15, 2012, Plaintiff filed a timely written charge of discrimination ("charge") with the Commonwealth of Pennsylvania Human Relations Commission ("PHRC") alleging gender discrimination and sexual harassment against Defendant Sinking Spring Fast Foods and Defendant Mannepuli.

18. The charge was assigned PHRC case no. 201202639 and was dually filed with the EEOC number 17F-2013-60788.

19. On or about July 18, 2014, Plaintiff submitted a request for a Notice of Right to Sue letter requesting that the EEOC issue a notice of right to sue due to the fact

that more than one hundred eighty (180) days had elapsed since the Plaintiff had filed her charge with PHRC and EEOC.

20.    Plaintiff received a Notice of Right to Sue letter from the EEOC dated July 30, 2014 and files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter.  A true and correct copy of the July 30, 2014 Notice of Right to Sue letter is attached hereto as Exhibit "A".

21.    Prior to the filing of this action, Plaintiff notified the EEOC and PHRC of her intent to proceed with the lawsuit in federal court.

22.    Upon information and belief, the EEOC advised Defendant Sinking Spring Fast Foods of Plaintiff's intent to file suit and further requirements of Title VII for the resolution through conciliation, conference, or persuasion, attempted but failed to achieve voluntary resolution of Plaintiff's claims of employment discrimination.

23.    Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## CHARGING PARTY'S EMPLOYMENT HISTORY

24.    The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

25.    Beginning on or around June of 2012, Plaintiff commenced employment with Defendant Sinking Spring Fast Foods as cashier.

26.    After her employment began in June of 2012, Plaintiff went into the management-training program with Defendant Sinking Spring Fast Foods.

27.    Defendant Sinking Spring Fast Foods paid Plaintiff the hourly wage of $7.25 per hour.

28.     During the same time period, Plaintiff also worked for Beer Mart, which is also a company owned by Defendant Sinking Spring Fast Foods.  Plaintiff worked as a cashier at Beer Mart, which is in the same shopping center as Arby's.

29.     Defendant Mannepuli subjected Plaintiff to unwanted touching in the workplace on a regular basis and also made inappropriate comments to her during the workday.

30.     When Plaintiff reported the sexual harassment of Defendant Mannepuli to the owners of Defendant Sinking Spring Fast Foods at a staff meeting on October 18, 2012, Plaintiff was removed from her schedule at Arby's and told that she would only work at the Beer Mart store, which is in the same shopping center as Arby's.

31.     Defendant Mannepuli also had supervisory responsibilities at the Beer Mart store and had unfettered, regular access to that store.

32.     On numerous occasions while Plaintiff was working at the Beer Mart after making the complaints to her Employer, Defendant Mannepuli walked past or stood outside of the Beer Mart while she was working there.

33.     On or about November 9, 2012, Plaintiff resigned her position with Defendant Sinking Spring Fast Foods because of the hostile work environment, sexual harassment on the job other work-related matters relative to the hostile work environment and sexual harassment perpetrated on her by Defendant Mannepuli.

34.     In August 2012 while leaving dinner with several co-workers and Defendant Mannepuli, Defendant Mannepuli gave Plaintiff a ride home.  While in the car, Defendant Mannepuli made sexual advances toward her and touched Plaintiff in a

sexually inappropriate manner.  Plaintiff informed Mannepuli that she did not like his behavior and requested that he stop.

35.     In September 2012 while Plaintiff was working at Arby's around closing time, Defendant Mannepuli accompanied her into the storage shed when she was going to get dishwashing soap.  Plaintiff tried to avoid having Mannepuli accompany her, however she could not and was forced to go with Mannepuli to the shed.  While at the storage shed, Mannepuli forced himself on Plaintiff and pressed his body up against hers.  Plaintiff felt his erect penis, and Defendant Mannepuli started kissing Plaintiff and touching her and tried to unbutton Plaintiff's pants, but Plaintiff said no, then Defendant Mannepuli attempted to unbutton her uniform shirt and tried to lift up Plaintiff's shirt while inside the shed.

36.     On October 13, 2012, while Plaintiff was working at the Beer Mart owned by Defendant Sinking Spring Fast Foods, Defendant Mannepuli entered the store and began talking to Plaintiff.  During this time, Defendant Mannepuli pressured Plaintiff to accompany him into the storage shed located behind the store.  While in the storage shed, Defendant Mannepuli pulled Plaintiff onto his lap, tried to kiss her, and then laid her down on the sofa in the shed and laid on top of her.  While Defendant Mannepuli was laying on top of Plaintiff on the sofa in the shed, he started moving his hips and rubbing her and rubbing his penis up against Plaintiff while he was on top of her and started kissing her and telling her that he loved her.  Defendant Mannepuli then pulled Plaintiff's breast out of her shirt and placed his mouth on her breast.  After Defendant Mannepuli appeared to ejaculate, he got up off of Plaintiff and Plaintiff left the shed.

37.     Shortly after October 13, 2012, within a day or two, Plaintiff informed Luis Alicea, an assistant manager at Defendant Sinking Spring Fast Foods about Defendant Mannepuli's sexual assault of her preceding day.

38.     Shortly after October 13, 2012, within a day or two, Plaintiff notified assistant manager Deborah Diaz of Defendant Mannepuli's sexual assault of her.

39.     On October 18, 2012 while at a staff meeting for Defendant Sinking Spring Fast Foods, Plaintiff reported the sexual harassment perpetrated on her by Defendant Mannepuli to the owners, Dr. Giri Mannepuli (Defendant Mannepuli's father), Suresh Kagithapu (Defendant Mannepuli's uncle), and Manager Rodney Schaffer.

40.     While Plaintiff worked for Defendant Sinking Spring Fast Foods, Defendant Mannepuli regularly made unwanted comments to her in the workplace and touched her without her consent in the Arby's store, the Beer Mart store, and in the storage shed that both of those businesses used.

41.     The harassment perpetrated against Plaintiff was severe because Defendant Mannepuli touched her in an unwanted sexual manner.

42.     Plaintiff was detrimentally affected because she was forced to endure the sexual harassment in order to remain employed with the Defendant Sinking Spring Fast Foods.

43.     At the staff meeting on October 18, 2012, the owners of Defendant Sinking Spring Fast Foods urged Plaintiff not to report the matter to the police and indicated they would investigate her complaints.

44.     Following the October 18, 2012 meeting with the owners of Defendant Sinking Spring Fast Foods, Plaintiff was removed from the schedule at Arby's and placed in the Beer Mart store only.

45.     Following the October 18, 2012 meeting with the owners of Defendant Sinking Spring Fast Foods, they failed to conduct any investigation of the reports of the sexual assault by Defendant Mannepuli against Plaintiff.

46.     Subsequent to the October 18, 2012 staff meeting with Defendant Sinking Spring Fast Foods and its owners, Plaintiff went to the South Heidelberg Township Police Department and made a report to Sergeant Roy A. Brennan of the Sexual Abuse perpetrated on her by Defendant Mannepuli.

47.     On or about December 5, 2012 Sergeant Roy A. Brennan of the South Heidelberg Township Police Department filed a criminal complaint and affidavit of probable cause charging Defendant Mannepuli with indecent assault and harassment perpetrated against Plaintiff.  A true and correct copy of the police criminal complaint and Affidavit of Probable Cause is attached hereto as Exhibit "B".

48.     Between September 26, 2013 and September 27, 2013, Defendant Mannepuli was tried in the Berks County Court of Common Pleas Criminal Division, by a jury on the charges of indecent assault and harassment against the Plaintiff.  The jury found him guilty of indecent assault against Plaintiff and the Judge, The Honorable Thomas G. Parisi found him guilty of harassment.

49.     On November 6, 2013, the Honorable Thomas G. Paris sentenced Defendant Mannepuli to 3-23 months in Berks County Prison followed by 3 years of probation.  However, the jail sentence was deferred pending Mannepuli's direct appeal.

### COUNT I--GENDER DISCRIMINATION TITLE VII OF THE
### CIVIL RIGHTS ACT OF 1964, AS AMENDED
### RACHEL M. DELP v. SINKING SPRING FAST FOODS, LLC

50.     The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

51.     The foregoing conduct by Defendant Sinking Spring Fast Foods constitutes unlawful discrimination against Plaintiff on the basis of her gender (female).

52.     As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, infra.

### COUNT II--SEXUAL HARRASSMENT-HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMEDNED
### RACHEL M. DELP v. SINKING SPRING FAST FOODS, LLC

53.     The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

54.     The foregoing conduct created a sexually hostile work environment for Plaintiff.

55.     Plaintiff suffered intentional discrimination because of her sex.

56.     Defendant Sinking Spring Fast Foods, by and through its agents and employees, subjected Plaintiff to unwelcome conduct of a sexual nature that was severe and pervasive.

57.     The harasser, Defendant Mannepuli, was Plaintiff's supervisor and was the son and nephew of the owners of the businesses and was thus above Plaintiff in the chain of command.

58.     The discrimination detrimentally affected Plaintiff.

59.     Plaintiff suffered tangible employment actions as alleged herein.

60.     The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

61.     *Respondeat Superior* liability exists such that Defendant Sinking Spring Fast Foods is strictly liable for the actions of Defendant Mannepuli.

62.     Defendant Sinking Spring Fast Foods is not entitled to an affirmative defense.

63.     Defendant Sinking Spring Fast Foods knew or reasonably should have known of the sexual harassment.

64.     Defendant Sinking Spring Fast Foods failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

WHEREFORE, Plaintiff seeks the damages as set forth in the Prayer for Relief clause of this Complaint, <u>infra</u>.

## COUNT III SEXUAL HARRASSMENT – QUID PRO QUO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED<br>RACHEL M. DELP v. SINKING SPRING FAST FOODS, LLC

65.     The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

66.     Plaintiff is a member of a protected class (female).

67.     Plaintiff was subject to unwelcome conduct by her supervisor.

68.     The conduct was intentional and based upon Plaintiff's gender.

69.     Submission to the unwelcome conduct and sexual advances and assaults was a condition of Plaintiff's employment.

70.     As a result, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages as set forth in the Prayer for Relief clause of this Complaint, infra.

## COUNT IV – VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT
### RACHEL M. DELP v. SINKING SPRING FAST FOODS LLC.

71.     The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

72.     Plaintiff is a member of a protected class in that she is female.

73.     Plaintiff was qualified to perform the jobs for which she was hired.

74.     Plaintiff suffered adverse actions, including, but not limited to her constructive termination and her removal from the schedule and the management-training program at the Arby's restaurant.

75.     When Plaintiff was removed by Defendant Sinking Spring Fast Foods from the assistant manager-training program, she was no longer in the management training position.  Defendant Sinking Spring Fast Food's actions were retaliatory because Plaintiff was removed from the management-training program the same day she reported the sexual harassment by Defendant Mannepuli.

76.     Sinking Spring Fast Foods actions violated Section 5(d) of the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

77.     Circumstances exist related to the above-cited adverse employment actions that give rise to an inference of discrimination.

78.     Defendant Sinking Spring Fast Foods, by and through its agents and employees, sexually harassed and abused Plaintiff.

79.     No legitimate, non-discriminatory reasons exist for the above-cited adverse employment actions that Plaintiff suffered.

WHEREFORE, Plaintiff seeks the damages as set forth in the Prayer for Relief clause of this Complaint, infra.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## RACHEL M. DELP v. DEFENDANT DINESH BABU MANNEPULI

80.     The allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

81.     The conduct of Defendant Mannepuli set forth herein was odious, perverse, and outrageous.  Not only were the acts of sexual assaults unwelcome by Plaintiff, but they were willful, wanton, reckless, intentional, persistent, and continuous in the workplace and at job-related functions.

82.     Defendant Mannepuli's sexual advances and assaults upon Plaintiff's person, and his request of sexual acts to be performed, were extreme, intentional, and caused Plaintiff severe emotional distress.

83.     These actions were so outrageous in character, and extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

WHEREFORE, Plaintiff demands compensatory and punitive damages in addition to counsel fees and costs and such further relief as deemed necessary by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rachel M. Delp, requests this Honorable Court grant her the following relief against Defendants Sinking Spring Fast Foods LLC and Dinesh Babu Mannepuli:

A.     Compensatory damages;

B.     Punitive damages;

C.     Liquidated damages;

D.     Emotional pain and suffering damages;

E.     Reasonable attorneys' fees;

F.     Recoverable costs;

G.     Pre and post judgment interest;

H.     Allowance to compensate for negative tax consequences;

I.     A permanent injunction enjoining Sinking Spring Fast Foods LLC and Dinesh Babu Mannepuli, their directors, officers, employees, agents, successors, heirs, and assigns, and all persons inactive concert or participation with them, from engaging in, ratifying, or refusing to correct employment practices which discriminate in violation of Title VII and the PHRA;

J.     Order Defendants Sinking Spring Fast Foods LLC and Dinesh Mannepuli to institute and implement and for its employees to attend and/or otherwise participate in

training programs, policies, practices and programs which provide equal employment opportunities;

     K.     Order Defendants Sinking Spring Fast Foods LLC and Dinesh Mannepuli to remove and expunge or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including but not limited to, the pre-textual reasons cited for her adverse actions, disciplines, and constructive termination; and

     L.     Award extraordinary, equitable, and/or injunctive relief as permitted by law, equity, and the federal statutory provisions sued hereunder pursuant to rule 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all issues.

Respectfully Submitted,

_____

Michael D. Dautrich, Esquire
Attorney for Plaintiff,
Rachel M. Delp

**VERIFICATION**

    I verify that the statements made herein are true and correct to the best of my knowledge. I understand that false statements herein made are subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.


Dated: 9/25/14

Rachel M. Delp

# EXHIBIT A

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:   Rachel M. Delp
      753 Fritztown Road
      Fritztown, PA 19608

From:   Philadelphia District Office
        801 Market Street
        Suite 1300
        Philadelphia, PA 19107

☐ On behalf of person(s) aggrieved whose identity is
  CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2013-60788 | **Legal Unit** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt** of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will
    be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN
    90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge,
    you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Spencer H. Lewis, Jr.,_
**District Director**

7/30/14
*(Date Mailed)*

Enclosures(s)

cc:   SINKING SPRING FAST FOODS, LLC D/B/
      Jay Kagan, Esq.
      Dilworth Paxson LLP
      1500 Market Street, Suite 3500
      Philadelphia, PA 19102

      Michael Dautrich, Esq.
      Dautrich & Dautrich Law Office
      526 Court Street
      Reading, PA 19601

# EXHIBIT B

# POLICE CRIMINAL COMPLAINT
## COMMONWEALTH OF PENNSYLVANIA

| COMMONWEALTH OF PENNSYLVANIA |
|---|
| COUNTY OF BERKS |

**Magisterial District Number:** 23-1-01

**MDJ:** Hon. Ann L. Young

**Address:** 600 EAST PENN AVENUE
WESTGATE SHOPPES SUITE
WERNERSVILLE, PA 19565

**Telephone:** 610-678-6721

**VS.**

**DEFENDANT:** *(NAME and ADDRESS):*

| DINESH | BABU | MANNEPULI | |
|---|---|---|---|
| First Name | Middle Name | Last Name | Gen |

117  FUNSTONE AVENUE

READING                    PA          19607

### NCIC Extradition Code/Type

- [ ] 1-Felony Full
- [ ] 2-Felony Ltd.
- [ ] 3-Felony Surrounding States
- [ ] 4-Felony No Ext
- [ ] 5-Felony Pend.
- [ ] A-Misdemeanor Full
- [x] B-Misdemeanor Limited
- [ ] C-Misdemeanor Surrounding States
- [ ] D-Misdemeanor No Extradition
- [ ] E-Misdemeanor Pending
- [ ] Distance: 300

### DEFENDANT IDENTIFICATION INFORMATION

| Docket Number CR-465-12 | Date Filed 12/05/12 | OTN/LiveScan Number T270126 3 | Complaint/Incident Number 45-12-02308 | SID: | Request Lab Services? [ ] YES [x] NO |
|---|---|---|---|---|---|

| GENDER [x] Male [ ] Female | DOB 02/03/1987 | POB | Add'l DOB | Co-Defendant(s) [ ] |
|---|---|---|---|---|

|  | First Name | Middle Name | Last Name | Gen. |
|---|---|---|---|---|
| AKA |  |  |  |  |

**RACE** [x] White [ ] Asian [ ] Black [ ] Native American [ ] Unknown

**ETHNICITY** [ ] Hispanic     [x] Non-Hispanic     [ ] Unknown

**HAIR COLOR** [ ] GRY (Gray) [ ] RED (Red/Aubn) [ ] SDY (Sandy) [ ] BLU (Blue) [ ] PLE (Purple) [ ] BRO (Brown)
[x] BLK (Black) [ ] ONG (Orange) [ ] WHI (White) [ ] XXX (Unk/Bald) [ ] GRN (Green) [ ] PNK (Pink)
[ ] BLN (Blonde / Strawberry)

**EYE COLOR** [x] BLK (Black) [ ] BLU (Blue) [ ] BRO (Brown) [ ] GRN (Green) [ ] GRY (Gray)
[ ] HAZ (Hazel) [ ] MAR (Maroon) [ ] PNK (Pink) [ ] MUL (Multicolored) [ ] XXX (Unknown)

| Driver License | State PA | License Number 29089559 | Expires: | WEIGHT (Lbs.) 230 |
|---|---|---|---|---|

| DNA | [ ] YES [x] NO | DNA Location | | HEIGHT (in.) 5  9 |
|---|---|---|---|---|

FBI Number                    MNU Number

Defendant Fingerprinted    [ ] YES [x] NO

Fingerprint Classification

### DEFENDANT VEHICLE INFORMATION

| Plate # | State | Hazmat | Registration Sticker (MM/YY) | Comm'l Veh. Ind. [ ] | School Veh. [ ] | Oth. NCIC Veh. Code | Reg. name as Def. |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | | Style | Color |

Office of the attorney for the Commonwealth [ ] Approved  [ ] Disapproved Because: _____

*(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507.)*

_____    _____    _____
(Name of the attorney for the Commonwealth-Please Print or Type)    (Signature of the attorney for the Commonwealth)    (Date)

I, **SGT ROY A BRENNAN**                    7798        002
(Name of the Affiant-Please Print or Type)    PSP/MPOETC -Assigned Affiant ID Number and Badge #

of **South Heidelberg Twp Police**                    **PA0064700**
(Identify Department or Agency Represented and Political Subdivision)    (Police Agency ORI Number)

do hereby state: (check appropriate box)

1. [x] I accuse the above named defendant who lives at the address set forth above
   [ ] I accuse the defendant whose name is unknown to me but who is described as

   [ ] I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have
   therefore designated as John Doe or Jane Doe

   with violating the penal laws of the Commonwealth of Pennsylvania at [ 236        **SOUTH HEIDELBERG TWP**
                                                                     (Subdivision Code)    (Place-Political Subdivision)

   **422 BEER MART 4868 PENN AVENUE, SOUTH HEIDELBERG TOWNSHIP**

   in        **BERKS**            County [  06  ] on or about    **OCTOBER 13, 2012 @ APPROX 1530**
                              (County Code)

AOPC 412A - Rev. 07/10

# POLICE CRIMINAL COMPLAINT

| Docket Number: CR-465-12 | Date Filed: 12/05/2012 | OTN/LiveScan Number T 270126-3 | Complaint/Incident Number 45-12-02308 |
|---|---|---|---|
| Defendant Name: | First: DINESH | Middle: BABU | Last: MANNEPULI |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 PA.C.S. §4904) relating to unsworn falsification to authorities.

4. This complaint is comprised of the preceding page, as well as the attached pages that follow, numbered _1_ through _8_.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

_December 5, 2012_          _Sgt. G A Brennan_
(Date)                          (Signature of Affiant)

AND NOW, on this date _December 5, 2012_ I certify that the complaint has been properly completed and verified.

_23-1-01_                     _Ann L Young_
(Magisterial District Court Number)     (Issuing Authority)

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| CR-465-12 | 12/05/2012 | T 270126-3 | 45-12-02308 |

| Defendant Name: | First: | Middle: | Last: |
|---|---|---|---|
| | DINESH | BABU | MANNEPULI |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a brief summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute (s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) of the statute(s) or ordinance(s) allegedly violated. The age of the victim at the time of the offense may be included if known. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account must be established, list only the last four digits. 204 PA.Code §§213.1-213.7.)

| Indicate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 |
|---|---|---|---|

| ☒ | 1 | 3126 | (a)(1) | Of the | PA Crimes Code | 1 | MISD 2 | 1199 | 170 | 11D |
|---|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | | UCR/NIBRS Code |

| Penn DOT Data (If Applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the Name of the Statute or Ordinance):

INDEC ASSAULT W/O CONSENT

### Acts of the accused associated with this Offense:

PACC 3126(a)1 Indecent Assault M2

IN THAT, on or about said date, THE DEFENDANT did have indecent contact with another person and/or did cause another person to have indecent contact with him, namely, the VICTIM RD, without the consent of said other person, in violation of Section 3126(a)(1) of the PA Crimes Code. (Misdemeanor-2nd)

| Indicate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 |
|---|---|---|---|

| ☐ | 2 | 2709 | (a)(1) | Of the | PA Crimes Code | 1 | SUMM | | 04E | 90Z |
|---|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | | UCR/NIBRS Code |

| Penn DOT Data (If Applicable) | Accident Number | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the Name of the Statute or Ordinance):

HARASSMENT PHYS/CONTACT

### Acts of the accused associated with this Offense:

PACC 2709(a)1 Harassment - Summary

IN THAT, on or about said date, THE DEFENDANT, with intent to harass, annoy or alarm another person, namely, VICTIM RD, did strike, shove, kick or otherwise subject such other person to physical contact, or did attempt or threaten to do the same, namely, Put his hand up her shirt and was touching her breast, in violation of Section 2709(1) of the PA Crimes Code.

# POLICE CRIMINAL COMPLAINT

| Docket Number: | Date Filed: | OTN/LiveScan Number | Complaint/Incident Number |
|---|---|---|---|
| CR-465-12 | 12/05/2012 | T270126-3 | 45-12-02308 |

| Defendant Name: | First: DINESH | Middle: BABU | Last: MANNEPULI |
|---|---|---|---|

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a brief summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute (s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) of the statute(s) or ordinance(s) allegedly violated. The age of the victim at the time of the offense may be included if known. In addition, social security numbers and financial information (e.g. PINs) should not be listed. If the identity of an account must be established, list only the last four digits. 204 PA.Code §§213.1-213.7.)

| Inchoate Offense | ☐ Attempt 18 901 A | ☐ Solicitation 18 902 A | ☐ Conspiracy 18 903 |
|---|---|---|---|

| Lead? | 3 | 3126 | (a)(2) | Offense | PA Crimes Code | 1 | MISD 1 | 1199 | 170 | 11D |
|---|---|---|---|---|---|---|---|---|---|---|
| | Offense # | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code | |

| Number of Days (if applicable) | Account Number (if applicable) | | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|

Statute Description (Include the Name of the Statute or Ordinance):
INDEC ASSAULT BY FORCE

Acts of the accused associated with this Offense:
PACC 3126(a)2 Indecent Assault M1

IN THAT, on or about said date, THE DEFENDANT did have indecent contact with another person and/or did cause another person to have indecent contact with him, namely, the VICTIM RD, by forcible compulsion, in violation of Section 3126(a)(2) of the PA Crimes Code. (18 P.S. 3126(a)(2) - (Misdemeanor-2nd)



POLICE CRIMINAL COMPLAINT

| Docket Number: Cl-465-12 | Date Filed: 12/05/2012 | OTN/LiveScan Number T270126-3 | Complaint/Incident Number 45-12-02308 |
|---|---|---|---|
| DOON HINNH | First: DINESH | Middle: BABU | Last: MANNEPULI |

# AFFIDAVIT OF PROBABLE CAUSE

THE FOLLOWING INFORMATION CONTAINED IN THIS PROBABLE CAUSE IS BASED ON INFORMATION RECEIVED AND AN INVESTIGATION CONDUCTED. THE OFFENSES STATED ON THE CRIMINAL COMPLAINT DID OCCUR WITHIN THE JURISDICTION OF THIS OFFICER AND THE JURISDICTION OF DISTRICT COURT 23-1-01. I BELIEVE ALL INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

That on October 18, 2012 at 1120 hours, the Victim RD came into the police office and reported that she had been sexually assaulted by her Manager Dinesh MANNEPULI (hereinafter known as the DEFENDANT) at the 422 Beer Mart.

That on Saturday, October 13, 2012 at approximately 1530 hours, the VICTIM stated that she was working at the 422 Beer Mart on the 1100 - 2000 hour shift. She stated that she was alone when the DEFENDANT came into the store. She stated that the DEFENDANT was not in a good mood when he came in. She stated that the DEFENDANT started asked her why the Beer Mart register was short money and telling her that she wasn't doing her job right. The VICTIM stated that the DEFENDANT started to pester her about going into the shed with him (shed is located in the rear of the Beer Mart). She stated that the DEFENDANT kept saying please over and over. The DEFENDANT told her that if it wasn't for him, she wouldn't have her job and wouldn't be in training for the shift lead position for Arby's. The VICTIM stated that he brain washed her into closing the Beer Mart and going into the shed with him. The VICTIM stated that he told her that he wouldn't try anything, that they were just going in to talk. Rachel stated that Dinesh MANNEPULI knows that she is depressed and is on doctors care for severe depression. Rachel stated that once in the shed the DEFENDANT blocked the door. That they went to the back of the shed where there is a sofa. She stated that the DEFENDANT pulled her onto his lap. She stated that she was scared and questioned him and asked him what he was doing?   She stated that the DEFENDANT forced her down onto the sofa and got on top of her. She stated that she told him to stop, and he put his hand up her shirt and took her breast out and put his mouth on it. She stated that he had an erection. She stated that she then told him that he was done and to get off of her. She stated that she got up and ran out of the shed. The VICTIM stated that she was upset and afraid that if she said anything, that he would fire her.
That on October 15th, the VICTIM stated she told her Manager  Witness DD and Witness LA about the incident.

That on October 16th, Witness LA came to her and asked if he could confront the DEFENDANT  about what he had done. She stated after she was done at Arby's for the day she went to the Beer Mart. That around 1345, Witness LA and the DEFENDANT came walking over to the Beer Mart. She stated that she could tell that the DEFENDANT was worked up. She stated that the DEFENDANT  started saying that he was sorry and that she just walked away. She stated that her father also confronted the DEFENDANT about what he had done to her.
That Witness HD (who is the VICTIM'S Father) stated that  on October 16, 2012, he was at the Beer Mart with his daughter. He stated that he had walked over to Arby's to get her cell phone that she had left there. He stated that as he was walking back towards the Beer mart, he seen the VICTIM speaking with the DEFENDANT and that she appeared to be upset and mad. He stated that he spoke with his daughter when



POLICE CRIMINAL COMPLAINT

AFFIDAVIT CONTINUATION PAGE

| Docket Number: CP-465-12 | Date Filed: 12/05/2012 | OTN/LiveScan Number: T270 126-3 | Complaint/Incident Number: 45-12-02308 | | |
|---|---|---|---|---|---|
| | First: DINESH | Middle: BABU | Last: MANNEPULI | | |

## AFFIDAVIT OF PROBABLE CAUSE CONTINUATION

she got into the van. He stated that she told him that the DEFENDANT was saying he was sorry for everything he was doing to her. Witness HD stated that he approached the DEFENDANT and asked him why he did it to his daughter. Witness HD stated that the DEFENDANT never said why he did it to her, all he said was that he was sorry and it will never happen again. Witness HD stated that Witness LA was present during this conversation and heard everything.

That on October 23, 2012, this Officer did interview LA . Witness LA stated, that on Monday night around Midnight after he had closed the Arby's Restaurant, he received a call from the VICTIM. He stated that she was crying. He said that he asked her what she was upset about and why she was up so late. He said that she told him that she didn't know who to talk to about a problem she had. He stated that the VICTIMI told him that the DEFENDANT tried to force himself on her in the shed on Sunday. He said that the VICTIM told him that the DEFENDANT grabbed her and was kissing on her and that she said no. He said that the VICTIM told him that the DEFENDANT moved her to a couch and was on top of her. She said that the DEFENDANT placed his hand up her shirt. That after saying no several times he finally let her go.
Witness LA stated that the next day he confronted the DEFENDANT about what the VICTIM had told him. He said that the DEFENDANT was confused about it and wanted to talk to the VICTIM. Witness LA stated that he and the DEFENDANT went to the Beer Mar and the DEFENDANT asked the VICTM "what is going on. I thought we liked each other". Witness LA stated that the VICTIM said to the DEFENDANT , I told you no. You tried it before and I said no.
Witness LA stated that the VICTIM'S father was approaching them and and the VICTIM walked away in tears. Witness LA stated that after the VICTIM'S father spoke with his daughter , he came and was screaming at the DEFENDANT and saying "Are you fucking touching my daughter inappropriately"! Witness LA stated that the DEFENDANT said that he just spoke with her and she said nothing. That the VICTIM'S father then asked the DEFENDANT if he was saying that his daughter was lying to him. the DEFENDANT stated No, I'm not saying that, I told her I was sorry and it won't happen again.



POLICE CRIMINAL COMPLAINT

AFFIDAVIT CONTINUATION PAGE

| Docket Number: CR-465-12 | Date Filed: 12/05/2012 | OTN/LiveScan Number T270126-3 | Complaint/Incident Number 45-12-02308 |
|---|---|---|---|
| Defendant Name | First: DINESH | Middle: BABU | Last: MANNEPULI |

## AFFIDAVIT OF PROBABLE CAUSE CONTINUATION

I, SGT ROY A BRENNAN _____, BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_Sgt. Roy A Brennan_
(Signature of Affiant)

Sworn to me and subscribed before me this 5th day of _December_ 2012

12/5/12 Date _____, Magisterial District Judge

My commission expires first Monday of January, 2016

SEAL